Citation Nr: 1607909 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-05 133 ) DATE
 )
 )

On appeal from the decision of the 
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel






INTRODUCTION

The Veteran served on active duty from November 1995 to November 1999, and from January 2001 to May 2007.

This case is before the Board of Veterans' Appeals (Board) from a June 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah, later transferred to Los Angeles, California. A Travel Board hearing was held before the undersigned in September 2012. The Board remanded this claim in November 2012. 

The Board has remanded other matters involving claimed and already service-connected musculoskeletal disabilities to issue a Statement of the Case (SOC), which was done, but the Veteran did not file a timely Substantive Appeal and so these claims have not been appealed. 

The claim being withdrawn, for a TDIU, is referred to the RO as Agency of Original Jurisdiction (AOJ) for initial adjudication, the Veteran's intent. The RO previously found the TDIU to be moot because the Veteran was granted 100 percent for service-connected disability, but the claim should be adjudicated because there is still a greater benefit available of Special Monthly Compensation (SMC) were a TDIU eventually awarded, per Bradley v. Peake, 22 Vet. App. 280, 294 (2008). 


FINDING OF FACT

On August 25, 2014, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that a withdrawal of this appeal is requested.





CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the appellant (or his or her authorized representative) have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2015). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In this matter, the Veteran has withdrawn the appeal. While the Veteran completed and returned a formal TDIU application (VA Form 21-8940) as requested by the Board's prior remand, through two separate letters now he has requested to end all appellate matters before VA and have instead his claims directly decided by the Regional Office. The Veteran most clearly stated this intention in his more recent August 2014 statement, received at the RO the same day as a re-submitted TDIU application. As indicated, the TDIU claim will now be referred for adjudication at the RO. The Court has held that a TDIU claim is not automatically mooted by the award of a schedular 100 percent rating. 

Given the withdrawal of appeal before the Board, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, there is not jurisdiction to review the appeal and it is dismissed.



ORDER

The appeal is dismissed.


 
MICHAEL D. LYON 
 Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs